### In the Matter of Thomas R. BLAISING, Respondent.

### No. 98S00–0809–DI–529.

Supreme Court of Indiana.

Dec. 29, 2008.

## PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Michigan and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On October 6, 2008, this Court issued an "Order to Show Cause." Respondent filed a response on November 5, 2008. This case is now before this Court for resolution.

Respondent was admitted to practice law in Indiana and in Michigan. On December 14, 2005, the State of Michigan Attorney Discipline Board entered a "Notice of Probation with Conditions," noting that Respondent pled no contest to allegations of attorney misconduct and placing Respondent on probation for two years effective December 9, 2005. One condition of probation was that he refrain from the practice of law until certain conditions were met. His active suspension in Michigan lasted for 215 days.[1] Respondent provides documentation that his Michigan probation expired on December 9, 2007, and asks this Court to enter an "Order of Probation" identical to Michigan's and to give him full credit in Indiana for his prior fulfillment of the Michigan conditions.

An attorney licensed to practice law in Indiana is required to notify the Disciplinary Commission's executive director of any final attorney discipline order in another jurisdiction within 15 days of imposition. *See* Admission and Discipline Rule 23(28)(a). There is no indication that Respondent did so in this case. In this situation, the Court concludes that a reciprocal suspension in this state must be at least as long as the foreign suspension, regardless of the dates on which the foreign suspension begins and ends.

Being duly advised, **the Court suspends Respondent from the practice of law in this state for 215 days, effective as of the date of this order.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law in Indiana, subject to the Commission's right to object. *See* Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

All Justices concur.

---

1. Respondent contends that he was not "suspended" in Michigan but rather voluntarily refrained from practicing law. This, however, was a condition of an agreement to resolve a disciplinary action against him. The Court therefore concludes it was in essence a suspension from the practice of law.